SOFIAN DAWOOD 250363
LAW OFFICES OF SOFIAN SOLOMON DAWOOD
745 North Cedar Ave., Suite 102
Fresno, California 93720
Telephone: (559) 797-4240
Facsimile: (559) 412-2837
Sofiandawood@dawoodlaw.com
Attorney for Plaintiff
SARA AKMAL

E-FILED
6/17/2020 3:19 PM
Superior Court of California
County of Fresno
By: A. Rodriguez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF FRESNO

### UNLIMITED CIVIL DIVISION

* * *

SARA AKMAL, an individual,

Plaintiff,

vs.

WALGREENS COMPANY, and 1-45 Does

Defendants.

Case No. 20CECG01704

**COMPLAINT FOR DAMAGES FOR:**

(1) UNLAWFUL RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940, *ET SEQ.*; (2) WRONGFUL TERMINATION AND RETALIATION IN VIOLATION OF PUBLIC POLICY; (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (4) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; (5) NEGLIGENT HIRING OF MR. BISLA; (6) NEGLIGENT RETENTION OF MR. BISLA; (7) NEGLIGENT SUPERVISION OF MR. BISLA; (8) NEGLIGENT TRAINING OF MR. BISLA; (9) RECOVERY OF WAITING TIME PENALTIES; AND Q(11) FAILURE TO PAY REST PERIODS WAGES.

1
COMPLAINT FOR DAMAGES

COMES NOW Plaintiff SARA AKMAL (hereinafter referred to as "Plaintiff" or "AKMAL"), alleging her Complaint as follows:

## I.

## GENERAL ALLEGATIONS

1. AKMAL is an adult female residing at all times alleged herein in the State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant WALGREENS COMPANY ("WALGREENS" or the "Company") is a national corporation. At all times alleged herein, WALGREENS was an employer as defined in California Government Code section 12926(d) and within the meaning of the California Fair Employment and Housing Act ("FEHA").

3. Plaintiff is informed and believes, and thereon alleges, that MR. BISLA ("BISLA") is an individual residing in the State of California who, at all times alleged herein, is and was employed as a store manager at WALGREENS. BISLA was, at all times alleged herein, a managing agent of WALGREENS and had both direct and indirect supervisory authority over AKMAL and was her actual and/or ostensible supervisor within the meaning of California Government Code section 12926, subdivision (r). At all times alleged herein, BISLA was acting, at least in part, in the course and scope of his employment with WALGREENS and with the permission, consent, and knowledge of WALGREENS. WALGREENS and other managing agents aided, abetted, authorized, condoned, conspired with, and/or ratified the acts of BISLA alleged herein.

4. At all relevant times herein, AKMAL was an employee of WALGREENS, said employment having commenced in about late 2010 and having continued until her termination, as set forth below. At all times mentioned herein, AKMAL was duly qualified to perform, and did perform, her employment duties in a satisfactory manner.

5. This action is brought in part to remedy retaliation against Plaintiff for activity protected under, and in violation of, California Government Code section 12900, *et seq.* This action is also brought to remedy harassment, and retaliation against AKMAL on the basis of

2
**COMPLAINT FOR DAMAGES**

Law Offices of Sofian Solomon Dawood
7975 N. Cedar Avenue
Suite 102
Fresno, CA 93720
(559) 797-4240

her opposition to the Company's illegal and/or unethical conduct, as well as on the basis of her complaints of, and opposition to, harassment in the workplace and in the terms, conditions, and privileges of employment, and to remedy retaliation against Plaintiff for activity protected under, and in violation of, California Government Code section 12900, *et. seq.*

6. AKMAL timely filed charges of harassment, and retaliation with the Department of Fair Employment and Housing (DFEH) against Defendants.

7. AKMAL received her Right to Sue letters from the DFEH with respect to the above complaints submitted thereto, true, and correct copies of which are attached hereto collectively as Exhibit "A" and incorporated herein by this reference.

8. AKMAL has complied with all prerequisites to jurisdiction of this Court under California Government Code section 12900, *et seq.* and has, therefore, exhausted her administrative remedies.

9. Venue is proper in this County because said injuries to Plaintiff occurred in Fresno County.

10. The true names and capacities of the defendants named herein as DOES 1 through, 40 inclusive, whether an individual, corporation or otherwise, are unknown to the Plaintiff who, therefore, sues such defendants by fictitious names pursuant to Code of Civil Procedure Section 474. Alternatively, such DOE Defendants are persons whose identities are known to Plaintiff, but about whom sufficient facts are not known that would support the assertion by Plaintiff of a civil claim at this time. When Plaintiff obtains information supporting a claim against any DOE Defendant, he will seek leave to amend this Complaint and will assert appropriate charging allegations.

11. WALGREENS and the DOE Defendants may hereinafter sometimes be referred to collectively as "Defendants."

12. Plaintiff is informed and believes, and thereon alleges, that defendants, are responsible for the acts complained of herein and in so acting were functioning as the owner, shareholder, principal, agent, servant, partner, alter-ego, employee, proxy, and/or managing agent of the other defendants herein, and in performing the acts mentioned herein were acting, at

3
**COMPLAINT FOR DAMAGES**

least in part, within the course and scope of such authority and with the permission and consent of the other defendants.

13. Plaintiff is informed and believes, and thereon alleges, that the above defendants, managing agents, and supervisors, aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

## II.

## BACKGROUND ALLEGATIONS

14. AKMAL was hired as a staff pharmacist with WALGREENS in late 2010 and continued to work for WALGREENS until the time of her termination on or about April 5, 2019.

15. At all times relevant, AKMAL was under the direction and supervision of BISLA. It was during said time that the unlawful acts alleged herein, including unlawful harassment and retaliation, took place.

16. There are two schedule changes in question that have led to the unfair termination of AKMAL.

17. On September 17, 2018, AKMAL was scheduled to work from 12:30 P.M. to 9:00 P.M. However, early that morning, BISLA, the store manager, called and asked about her whereabouts and questioned why she had not arrived at work. AKMAL explained that she was not scheduled until 12:30 P.M.; however, in an effort to accommodate WALGREENS, she quickly got ready and arrived at 9:00 A.M.

18. On October 3, 2018, BISLA called AKMAL into his office to issue her a warning about the September 17, 2018 miscommunication. This was unwarranted because AKMAL was not properly notified of any change to her set schedule.

19. AKMAL urged that an investigation of the management be conducted regarding this incident. The other store manager, Dala Yang, found that there was an unopened email in which AKMAL was merely *questioned* if she could switch shifts. The emailed inquiry was never approved for formal change on the schedule to take place.

20. After this investigation, AKMAL looked on the store's website for the employees to see if the disciplinary action was resolved. It did not show on the website, so AKMAL rightfully assumed it had been taken care of.

21. The second incident happened on April 5, 2019. Again, AKMAL was scheduled to work from 12:30 P.M. to 9:00 P.M. Again, BISLA, the store manager, called AKMAL early that morning and inquired about her whereabouts. AKMAL told him that she was not scheduled to work until 12:30 P.M., which is her set schedule. Due to a scheduled appointment that could not be rescheduled, AKMAL was unable to accommodate WALGREENS, and thus, she went to work at her originally scheduled time, 12:30 P.M.

22. When AKMAL arrived, BISLA notified her that she would only be working until 4:30 P.M., and not 9:30 P.M. as she was scheduled. Further, he stated that he would talk to her at lunch.

23. Again, AKMAL had not been notified of this schedule change. BISLA blamed AKMAL for being irresponsible and not checking the schedule. BISLA checked the email to see if it had been confirmed, and once again, it was an unopened email simply *asking* AKMAL if she could change shifts. AKMAL had neither confirmed nor approved such a change in her set schedule.

24. Between April 17, 2019 and April 19, 2019, BISLA repeatedly gave AKMAL dirty looks and avoided communication with her.

25. On April 19, 2019, without warning or cause, BISLA terminated AKMAL's employment of over ten years.

## III.

### FIRST CAUSE OF ACTION
### UNLAWFUL RETALIATION IN EMPLOYMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940, ET SEQ.

26. The allegations contained in paragraphs 1 through 25 are incorporated herein by this reference and re-alleged as though fully set forth herein.

27. *California Government Code section 12940* provides in pertinent part as follows:

---
5
**COMPLAINT FOR DAMAGES**

> It shall be an unlawful employment practice . . . (h) for any employer . . , or person . . . to harass . . . to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden under this part, or because the person has filed a complaint, testified or assisted in any proceeding under this part. (i) For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this part, or attempt to do so.

28. Plaintiff was, at all times relevant to this Complaint, an employee as defined by California Government Code section 12940, which prohibits any employer or person from harassing, discharging, expelling, or otherwise discriminating (i.e., "retaliating") against anyone because he or she opposes the practices made illegal by California Government Code section 12940, et *seq.* and was, therefore, a member of the group sought to be protected by the statute.

29. Defendants were, at all times herein, employers and/or persons within the meaning of California Government Code section 12940(j)(4)(A) and, as such, are barred from discriminating in employment decisions, harassing, or discharging an employee because that employee opposed practices that are made illegal under FEHA.

30. During the course of the employment with WALGREENS, AKMAL repeatedly complained to higher management at WALGREENS, including, but not limited to, other store managers and company managers, of the aforementioned conduct, including, but not limited to, the harassment, which conduct was unlawful in violation of FEHA and which AKMAL reasonably believed to be unlawful.

31. Plaintiff is informed and believes, and thereafter alleges, that BISLA had a reputation of harassing employees, and poorly managing the store's employees and their schedules.

32. In further retaliation, WALGREENS refused to acknowledge and remedy the poorly handled scheduling situation and subsequent termination. There is clear evidence that AKMAL had done nothing wrong and went so far as accommodating WALGREENS by showing up for a shift that she was not scheduled for.

33. The aforesaid acts, conduct, behavior, discharge and retaliation committed by Defendants and their agents, representatives, and employees, against Plaintiff on the basis of Plaintiff's opposition to and complaints about practices made illegal by California Government Code section 12940, et *seq.*, which Plaintiff reasonably believed to be illegal, such as, but not limited to, the unlawful harassment and/or discrimination of Plaintiff and/or other employees of WALGREENS, including, but not limited to, Plaintiff's unfair termination as well as increased harassment and/or other inappropriate and outrageous conduct directed toward Plaintiff, created a work environment that was intimidating, hostile, oppressive, abusive, and offensive to Plaintiff, and had the effect of altering the conditions of Plaintiff's employment with the Company, thereby depriving Plaintiff of the benefit of a harassment-free, and retaliation-free work environment, all in violation of California Government Code section 12940, et *seq.*

34. Defendants further violated Plaintiff's rights in that they, amongst other acts and/or omissions:

a. Failed to provide Plaintiff with employment conditions and a relationship where she could safely work, free from verbal harassment and/or retaliation;

b. Failed to respond adequately or effectively to Plaintiff's complaints of reasonably perceived harassment and/or retaliation;

c. Failed to timely, thoroughly, and/or objectively investigate Plaintiff's complaints of reasonably perceived harassment and/or retaliation;

d. Retaliated against Plaintiff for her complaints of and/or opposition to reasonably perceived unlawful harassment and/or retaliation in the workplace;

e. Failed to take appropriate action when they knew, or should have known, of the unlawful harassment of, retaliation against, discharge, and/or discrimination against Plaintiff;

f. Failed to take appropriate and/or effective remedial action against those who perpetrated, acquiesced and ratified, or ignored the unlawful harassment and/or discrimination of Plaintiff and retaliated, discharged, and/or discriminated against Plaintiff;

---
7
**COMPLAINT FOR DAMAGES**

    g. Failed to adopt and/or disseminate, adhere to, or enforce an effective anti-harassment and/or discrimination policy with respect to management, supervisors, staff, and employees; and

    h. Aided and abetted each other in committing these wrongful acts.

35. As a further direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered interference with her employment responsibilities, the indignity of discrimination, the invasion of her right to be free from harassment and retaliation, the invasion of her emotional tranquility, loss of self-esteem and grave humiliation, which are, or have been, manifested as emotional distress and mental suffering and physical manifestations of her emotional distress.

36. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, severe anxiety about her future and her ability to support herself and her family, the potential of harm to her employability and earning capacity, painful embarrassment among friends, family and co-workers, disruption of her personal life, and loss of enjoyment of many of the ordinary pleasures of her everyday life.

37. In doing the acts and/or failing to do the acts alleged hereinabove, the Defendants and each of them, engaged in discriminatory acts and conduct with malice toward Plaintiff and/or a reckless indifference to her statutorily protected rights and in a conscious disregard of the rights, both statutory and common law, guaranteed to Plaintiff by the State of California. As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

38. California Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained attorneys for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

Law Offices of Sofian Solomon Dawood
7975 N. Cedar Avenue
Suite 102
Fresno, CA 93720
(559) 797-4240

## IV.

## SECOND CAUSE OF ACTION
## WRONGFUL TERMINATION AND RETALIATION
## IN VIOLATION OF PUBLIC POLICY

39. The allegations contained in paragraphs 1 through 38 are incorporated herein by this reference and re-alleged as though fully set forth herein.

40. By the acts and omissions alleged herein, Defendants created and permitted working conditions so intolerable and aggravated that AKMAL felt unsafe.

41. Furthermore, Plaintiff is informed and believes and thereon alleges that Defendants and each of them intentionally created, and knowingly permitted, said intolerable conditions for the purpose of AKMAL being terminated.

42. Plaintiff believes, and thereon alleges, that her complaints about the intolerable working conditions which Plaintiff reasonably believed to be unlawful there under, were factors in Defendants' hostility towards and retaliation against Plaintiff, including Defendants' refusal to resolve any disciplinary actions taken and fix any scheduling issues.

43. As a proximate result of the intolerable working conditions created and permitted to continue by Defendants as alleged herein, Plaintiff has sustained, and continues to sustain, physical and emotional damages as alleged herein.

44. As a further proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, as alleged herein, Plaintiff has suffered, and will continue to suffer, humiliation, emotional distress, mental and physical pain and anguish, and the manifestations thereof, all to her damage in an amount according to proof at trial.

45. Plaintiff has incurred, and will continue to incur, legal expenses and Attorney's fees in an amount according to proof at trial.

46. By the acts and omissions alleged herein, Defendants acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of Plaintiff's rights. Consequently, Plaintiff is entitled to recovery of exemplary or punitive damages in an amount according to proof at trial.

9
**COMPLAINT FOR DAMAGES**

## V.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. The allegations contained in paragraphs 1 through 46 are incorporated herein by this reference and re-alleged as though fully set forth herein.

48. By the acts and omissions alleged herein, Defendants engaged in outrageous and unprivileged conduct with reckless disregard of the probability of causing Plaintiff emotional distress.

49. Such outrageous and unprivileged conduct on the part of Defendants caused Plaintiff to suffer severe emotional distress. As a proximate result of Defendants' intentional infliction of emotional distress on Plaintiff, Plaintiff has suffered damages in an amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

50. By the acts and omissions alleged herein, Defendants acted oppressively, maliciously, intentionally, and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to recover exemplary or punitive damages in an amount according to proof at trial.

## VI.

## FOURTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. The allegations contained in paragraphs 1 through 50 are incorporated herein by this reference and re-alleged as though fully set forth herein.

52. By the acts and omissions alleged herein, Defendants breached the duty of care that they owed to Plaintiff to act in a reasonable manner and provide a workplace free of unlawful harassment, discrimination, and retaliation.

53. As a proximate result of Defendants' careless breach of such duty of care owed to Plaintiff, Plaintiff has suffered consequential damages in an amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

54. By the acts and omissions alleged herein, Defendants acted oppressively and maliciously with intentional and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to recover exemplary or punitive damages in an amount according to proof at trial.

## VII.

## FIFTH CAUSE OF ACTION

## NEGLIGENT HIRING OF BISLA

55. The allegations contained in paragraphs 1 through 54 are incorporated herein by this reference and re-alleged as though fully set forth herein.

56. Defendant WALGREENS owed a duty of care to its employees, including Plaintiff, to take reasonable measures to ensure that the supervisors it hired and required its employees to work under were adequately screened so that its employees were not exposed to abuse.

57. Defendant WALGREENS breached said duty of care when it hired and placed Defendant BISLA into a supervisory position when WALGREENS knew, or should have known by an exercise of reasonable diligence, that BISLA was not suited to serve as a supervisor.

58. As a proximate result of Defendant WALGREEN's breach of its duty of care owed to its employees, including Plaintiff, Plaintiff was subjected to the unlawful harassing, discriminatory, retaliatory, and/or tortious conduct of BISLA as alleged herein. As a proximate result of WALGREENS negligent hiring of BISLA, Plaintiff has suffered damages in an amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

## VIII.

## SIXTH CAUSE OF ACTION

## NEGLIGENT RETENTION OF BISLA

59. The allegations contained in paragraphs 1 through 58 are incorporated herein by this reference and re-alleged as though fully set forth herein.

60. Defendant WALGREENS owed a duty of care to its employees, including Plaintiff, to take reasonable measures to ensure that supervisors were not being retained within

the Company if said supervisors were unfit as such. WALGREENS owed its employees, including Plaintiff, this duty so that such employees were not exposed to abuse and the conduct alleged herein.

61. Defendant WALGREENS breached said duty of care to its employees, including Plaintiff, by retaining BISLA when WALGREENS knew, or should have known, by an exercise of reasonable diligence, that BISLA was not suited to be retained as a supervisor. In addition to BISLA'S conduct being capable of observance and evaluation by WALGREENS, including its owners and/or upper management, WALGREENS was specifically informed by Plaintiff or by others of the unlawful, harassing, discriminatory, retaliatory, and/or tortious conduct of BISLA toward Plaintiff and/or other employees of WALGREENS.

62. As a result of WALGREENS breach of its duty of care owed to its employees, including Plaintiff, Plaintiff was subjected to the unlawful harassing, discriminatory, retaliatory, and/or tortious conduct of BISLA, as alleged herein. As a result of Defendant WALGREENS negligent retention of BISLA, Plaintiff has suffered damages in an amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

63. Under 29 U.S.C. section 216, subsection (b), Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

64. Pursuant to California Labor Code sections 218.5 and 1194, subsection (a), Plaintiff is entitled to recover his reasonable attorneys' fees and costs incurred in this action, which Plaintiff requests this Court to so award.

65. Pursuant to California Labor Code sections 218.6 and 1194, subsection (a), Plaintiff further requests that the Court award his interest on all due and unpaid wages and overtime compensation, at the legal rate set forth in California Civil Code section 3289, subsection (b), accruing from and after the date the wages and overtime compensation were due and payable.

///

///

Law Offices of Sofian Solomon Dawood
7975 N. CEDAR AVENUE
SUITE 102
FRESNO, CA 93720
(559) 797-4240

12
**COMPLAINT FOR DAMAGES**

IX.

## SEVENTH CAUSE OF ACTION

## NEGLIGENT SUPERVISION OF BISLA

66. The Plaintiffs re-plead and incorporate by reference, as though fully set forth again herein, the factual allegations contained in paragraphs (1 through 65) of this Complaint.

67. WALGREENS hired BISLA as the store manager.

68. BISAL was unfit or incompetent to perform the work for which he was hired.

69. WALGREENS knew or should have known that BISLA was unfit and/or incompetent and his unfitness or incompetence created a particular risk to others.

70. BISLA'S unfitness or incompetence harmed Plaintiff.

71. WALGREENS negligence in supervising BISLA was a substantial factor in causing Plaintiffs' harm.

X.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT TRAINING OF BISLA

72. The Plaintiffs re-plead and incorporate by reference, as though fully set forth again herein, the factual allegations contained in paragraphs (1 through 71) of this Complaint.

73. WALGREENS hired BISLA as the manager.

74. BISLA was unfit or incompetent to perform the work for which he was hired.

75. WALGREENS or should have known that BISLA was unfit and/or incompetent and his unfitness or incompetence created a particular risk to others.

76. WALGREENS failed to properly train BISLA during his employment.

XI.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF WAITING TIME

77. The Plaintiffs re-plead and incorporate by reference, as though fully set forth

13
**COMPLAINT FOR DAMAGES**

again herein, the factual allegations contained in paragraphs (1 through 76) of this Complaint.

78. *Labor Code Section 201* in relevant pan provides: (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...

79. AKMAL was terminated on April 19, 2019.

80. At AKMAL's termination, she was not provided her final payment of wages.

## XII.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY REST PERIOD WAGES

81. The Plaintiffs re-plead and incorporate by reference, as though fully set forth again herein, the factual allegations contained in paragraphs (1 through 80) of this Complaint.

82. *Industrial Welfare Commission Wage Order 4-2001, Section 12* provides in relevant part: (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

83. AKMAL was denied her fifteen-minute paid rest breaks on several occasions.

84. When AKMAL would request her fifteen-minute rest break, she was met with hospitality from BISLA.

## XIII.

## REQUEST FOR JURY TRIAL

WHEREFORE, the Plaintiff prays as follows:

14
**COMPLAINT FOR DAMAGES**

1. For compensatory damages, including but not limited to, past and future lost wages, lost employee benefits (with interest on said amounts), diminished employability, other economic injury, and emotional distress damages, all in an amount according to proof at trial;

2. For liquidated damages in accordance with California Labor Code section 1197.5, subsection (b), in an amount according to proof at trial;

3. For unpaid wages in an amount according to proof at trial;

4. For interest on unpaid wages in accordance with California Labor Code sections 218.6 and 1194, subsection (a), in an amount according to proof at trial;

5. For waiting time penalties under California Labor Code section 203 in an amount according to proof at trial;

6. For special damages, according to proof at trial;

7. For exemplary and punitive damages, according to proof;

8. For prejudgment interest under Civil Code section 3288, as well as any and all other applicable statutory authority, in an amount according to proof at trial;

9. For costs of suit, including reasonable attorneys' fees, according to proof; and

10. For such other and further relief as the Court may deem just and proper.

Dated: June 17, 2020                    LAW OFFICES OF SOFIAN SOLOMON DAWOOD

By _____
SOFIAN DAWOOD,
Attorney for Plaintiff
SARA AKMAL

Law Offices of Sofian Solomon Dawood
7975 N. Cedar Avenue
Suite 102
Fresno, CA 93720
(559) 797-4240

15
**COMPLAINT FOR DAMAGES**