UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA AKMAL,<br><br>    Plaintiff,<br><br>    v.<br><br>WALGREENS COMPANY,<br><br>    Defendant. | No. 1:20-cv-01015-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(Doc. No. 10) |

Before the court is plaintiff's motion for leave to file a first amended complaint. (Doc. No. 10.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 11.) For the reasons explained below, the court will grant the motion.

**BACKGROUND**

Plaintiff filed her initial complaint in the Fresno County Superior Court on June 17, 2020. (Doc. No. 1-1.) Therein, plaintiff asserted ten claims against defendant Walgreens Company ("Walgreens"). As relevant to the pending motion, plaintiff alleged the following facts.

Plaintiff was hired as a staff pharmacist with Walgreens in 2010 and worked in that capacity until the date of her termination on or around April 19, 2019. (*Id.* at ¶¶ 4,14.) Jaswinder Bisla was a store manager at a Walgreens store, and he had direct and indirect supervisory

1

1 authority over plaintiff. (*Id.* at ¶ 3.) At all times alleged in the complaint, Bisla was acting in the course and scope of his employment with Walgreens. (*Id.* at ¶ 15.)

On September 17, 2018, plaintiff was scheduled to work from 12:30 p.m. to 9:00 p.m. (*Id.* at ¶ 17.) However, early that morning, Bisla called plaintiff, inquiring about her whereabouts and why she was not at work. (*Id.*) Despite plaintiff's contention that she was not scheduled to work until that afternoon, plaintiff got ready and arrived at 9:00 a.m. in an effort to accommodate defendant Walgreens. (*Id.*) Plaintiff had not been notified of any change in her schedule, but Bisla nonetheless issued a warning to her due to the apparent miscommunication. (*Id.* at ¶ 18.) Plaintiff then requested that an investigation be conducted regarding the incident. (*Id.* at ¶ 19.) Upon investigation, another store manager found that there was an unopened email addressed to plaintiff, in which plaintiff was asked to switch shifts; but that request to switch shifts was never accepted nor confirmed. (*Id.*)

On April 5, 2019, a nearly identical series of events occurred, except this time plaintiff could not arrive at work until 12:30 p.m. that day due to a scheduling conflict. (*Id.* at ¶ 21.) Bisla blamed plaintiff, contending that she was being irresponsible. (*Id.* at ¶ 23.) Then, between April 17, 2019 and April 19, 2019, Bisla repeatedly gave plaintiff dirty looks and avoided communication with her. (*Id.* at ¶ 24.) Finally, allegedly without warning or cause, Bisla terminated plaintiff's employment with Walgreens of over ten years on April 19, 2019. (*Id.* at ¶ 25.)

Based on these allegations, plaintiff filed her original complaint in the Fresno County Superior Court against defendant Walgreens asserting claims for: (1) unlawful retaliation in violation of California Government Code § 12940; (2) wrongful termination and retaliation in violation of public policy; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) negligent hiring of Bisla; (6) negligent retention of Bisla; (7) negligent supervision of Bisla; (8) negligent training of Bisla; (9) recovery of waiting time penalties; and (10) failure to pay rest periods wages. (*Id.* at 1.)

Defendant Walgreens removed the action to this federal court on July 22, 2020. (Doc. No. 1.) On November 12, 2020, plaintiff filed the pending motion for leave to file a first amended

complaint, in which she seeks to add Bisla as a defendant and to add several defamation claims against defendant Walgreens and Bisla. (Doc. No. 10.) On November 25, 2020, defendant Walgreens filed an opposition to plaintiff's motion, arguing that the only reason plaintiff seeks to name Bisla—a citizen of California—as a defendant in this action is to destroy diversity jurisdiction and that joinder should accordingly be denied under 28 U.S.C. § 1447(e). (Doc. No. 12 at 7.) On December 9, 2020, plaintiff filed a reply thereto. (Doc. No 13.)

For the reasons explained below, plaintiff's motion for leave to file a first amended complaint will be granted.[1]

## LEGAL STANDARD

Generally, leave to amend must be "freely given" absent any "apparent or declared reasons—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment," or other similar showings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2). However, where a proposed amendment would add a non-diverse party after removal—thereby defeating existing diversity jurisdiction—the court enjoys greater discretion in determining whether to allow the amendment. 28 U.S.C § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Pursuant to the removal statute, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When determining whether joinder should be permitted or denied, district courts have considered the

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation has now been partially addressed by the U.S. Senate's confirmation of a new district judge for this court on December 17, 2021. Nonetheless, for over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

following factors:

> 1. Whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);
>
> 2. Whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
>
> 3. Whether there has been unexplained delay in seeking the joinder;
>
> 4. Whether the joinder is solely for the purpose of defeating federal jurisdiction;
>
> 5. Whether the claim against the new party appears to be valid;
>
> 6. The possible prejudice that may result to any of the parties in the litigation;
>
> 7. The closeness of the relationship between the new and the old parties;
>
> 8. The effect of amendment on the court's jurisdiction; and
>
> 9. The new party's notice of the pending action.

*Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (joinder denied under § 1441(e), in part because the claims proposed to be brought against the non-diverse defendant appeared to be invalid). Any of these factors may be determinative, and none is absolutely necessary for joinder. *Graunstadt v. USS-Posco Indus.*, No. 3:10-cv-03225-SI, 2010 WL 3910145, at *2 (N.D. Cal. Oct. 5, 2010).

**DISCUSSION**

**A.      Whether Plaintiff May Amend Her Complaint to Add Bisla**

The court will first address plaintiff's request to join Bisla as a defendant in this action. Plaintiff seeks to assert the following claims against Bisla should the court grant her leave to amend her complaint: (1) unlawful retaliation in violation of California Government Code § 12940; (2) wrongful termination and retaliation in violation of public policy; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) defamation; and (6) defamation *per se*. (Doc. No. 10-1 at 6–14.) The court will consider each of the nine factors outlined above in turn.

### 1. Just Adjudication

Bisla's presence in the action is not needed for a just adjudication, nor is joinder required under Rule 19. Pursuant to Rule 19(a), a party is necessary for a just adjudication if either (1) his interests are such that in his absence complete relief cannot be afforded among the existing parties or (2) his absence exposes any of the existing parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).

Here, plaintiff seeks only monetary relief and does not challenge defendant Walgreens' assertion that it would be able to fully satisfy any judgment rendered in plaintiff's favor. *See Bird v. Wells Fargo Bank, N.A.*, No. 1:16-cv-01130-DAD-EPG, 2017 WL 2797854, at *3 (E.D. Cal. June 28, 2017) (finding that the plaintiff could obtain complete relief because the already named defendant could satisfy any judgment rendered in plaintiff's favor). It therefore appears here that plaintiff could obtain complete relief from Walgreens with respect to her claims. Moreover, plaintiff does not suggest that a new action would be necessitated in state court if Bisla is not joined to this action. As defendant points out, any liability for Bisla's "actions as an employee are imputed to his employer under the doctrine of *respondeat superior*." (Doc. No. 13 at 13) (quoting *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-cv-01140-ODW, 2015 WL 3889289 (C.D. Cal. June 24, 2015)). Accordingly, consideration of this factor does not support granting plaintiff leave to amend to add Bisla as a defendant in this action.

### 2. Statute of Limitations

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because he could still theoretically seek relief from state court." *Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015) (internal quotation marks omitted). Here, the parties have addressed their statute of limitations arguments with respect to plaintiff's proposed defamation claims. Under California law, the statute of limitations for defamation actions is one year. Cal. Civ. Proc. Code § 340(c). A claim for defamation accrues when the defendant publishes a defamatory statement by communicating it to a third person who "understands its defamatory

5

meaning as applied to the plaintiff." *Shively v. Bozanich*, 31 Cal. 4th 1230, 1237 (2003), *as modified* (Dec. 22, 2003).

Plaintiff's proposed first amended complaint ("FAC") seeks to assert causes of action for defamation and defamation *per se* against defendant Walgreens and proposed defendant Bisla. (Doc. No. 10-1 at 13.) Those defamation claims are based on plaintiff's allegations in the FAC that after her termination from Walgreens, she applied to work at Walmart but was not hired because Bisla informed Walmart personnel that plaintiff had been fired for stealing. (*Id.*) The parties dispute when these allegedly defamatory statements were made. Defendant argues that plaintiff's proposed FAC is "devoid of facts establishing when the unspecified and allegedly defamatory statement was made." (Doc. No. 12 at 12.) However, defendant acknowledges that plaintiff's original complaint does reference statements made on a series of dates, the latest of which is April 19, 2019. (*See* Doc. No. 1-1 at 5.) Defendant contends that "[a]ssuming the alleged defamatory statement was made on the latest of these dates, on April 19, 2019, Plaintiff's deadline to timely file her defamation claim was on April 19, 2020." (Doc. No. 12 at 13.) Defendant thus suggests that the statute of limitations for plaintiff's defamation claims has already expired given that this action was originally filed in June 2020, mooting any argument in support of leave to amend plaintiff may have as to such claims. (*Id.*) Plaintiff, on the other hand, argues that she was not informed of the alleged defamatory statement made by Bisla until October 29, 2019, meaning her claim was not time barred when she filed her original complaint in this action on June 17, 2020. (Doc. No. 13 at 5.) Plaintiff asserts that her claims would be time barred, however, if her motion for leave to amend her complaint in this action was denied and she was required to pursue her defamation claims against Bisla in state court. (*Id.*)

Assuming the veracity of plaintiff's assertion that she did not learn of the allegedly defamatory statement until October 29, 2019, if plaintiff were to pursue a new action in state court against Bisla, it appears that she may be entitled to equitable tolling of the applicable statute of limitations with respect to such claims. Equitable tolling would apply if plaintiff can satisfy California's three-pronged test under which tolling is appropriate in a later suit in a different forum when an earlier suit was filed and where the record shows: (1) timely notice to the

6

defendant in filing the first complaint; (2) lack of prejudice to the defendant in gathering evidence to defend against the second complaint; and (3) good faith and reasonable conduct by the plaintiff in filing the second complaint. *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (citing *Addison v. State of California*, 21 Cal. 3d 313, 319 (1978)).  On the other hand, if defendant's argument is correct and plaintiff learned of the alleged defamatory statements on April 19, 2019, then plaintiff's claim is already time-barred.

Whether plaintiff's defamation claims are already time-barred or she would have a persuasive argument for equitable tolling of the applicable statute of limitations, this court concludes that plaintiff would likely not be prejudiced by the denial of her pending motion for leave to amend.  Accordingly, consideration of this factor also weighs against granting leave to amend.

### 3. Delay in Seeking Joinder

As noted, defendant Walgreens removed the case to this federal court on July 22, 2020. (Doc. No. 1.)  This court's scheduling order was issued on September 24, 2020, and provided that any motions or stipulations to amend the pleadings must be filed no later than December 30, 2020. (Doc. No. 9 at 2.)  Nearly four months after removal but still well before that deadline, on November 12, 2020, plaintiff filed the present motion seeking leave to file a first amended complaint. (Doc. No. 10.)

In considering the timeliness of a motion to amend to add a non-diverse party, courts have found that motions filed less than a month after removal are timely.  (*See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002) (amendment less than a month after removal is timely); *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000) (same); *but see Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (concluding that delaying six months after removal and just four days prior to a hearing on a summary judgment motion to seek leave to amend to add a non-diverse defendant was "too late").  Here, because plaintiff did comply with the deadline set by this court to move for leave to amend, the court finds plaintiff's pending motion to be timely.

/////

####       4.        Motive for Joinder

If plaintiff were granted leave to amend to add Bisla, a citizen of California, as a defendant in this action it would defeat diversity and require remand of this action back to the state court. In the past, it was suggested that trial courts "look with particular care" at the motive of a plaintiff in joining a non-diverse defendant. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980); *see also Murphy*, 74 F. Supp. 3d at 1285. However, it has been observed by district courts that this questioning of a plaintiff's motive is not as necessary in light of 28 U.S.C. § 1447(e), which provides the court with discretion in such cases. *See Khoshnood v. Bank of Am.*, No. 2:11-cv-04551-AHM-FFM, 2012 WL 751919, at *1 n.4 (C.D. Cal. Mar. 6, 2012) (noting that "while *Desert Empire* is relevant to the analysis of Plaintiffs' motive in seeking amendment, the majority of its analysis was superseded by 28 U.S.C. § 1447(e) in 1996."); *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 ("suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants"); *see also Trotman v. United Parcel Serv.*, No. 3:96-cv-01168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.").

Although arguably raising some suspicion here, the court will not impute an improper motive simply because plaintiff is now seeking leave to amend to add a non-diverse defendant. Accordingly, consideration of this factor is neutral.

####       5.        Validity of Claims

Under the fifth relevant factor, the court considers "whether a new claim sought to be added seems to have merit." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). As noted, plaintiff now seeks to add claims against Bisla for unlawful retaliation, wrongful termination and retaliation in violation of public policy, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), defamation, and defamation *per se*. (*See* Doc. No. 10-1.)

/////

In its opposition to plaintiff's motion, defendant argues that as an individual defendant Bisla could not properly be held liable as to any of plaintiff's proposed claims. (Doc. No. 12 at 15.) The court will address this argument as to each proposed claim in turn.

        a.     *Unlawful Retaliation and Wrongful Termination*

Defendant points out—and plaintiff does not dispute—that plaintiff's unlawful retaliation and wrongful termination claims arise under the public policy identified in the Fair Employment Housing Act ("FEHA"). (*Id.*) Defendant contends that if brought against Bisla, these claims therefore must fail as a matter of law because "there can be no individual liability for retaliation or wrongful termination under FEHA." (*Id.*) (citing *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1167 (2008)). Plaintiff appears to concede this point and makes no argument addressing it in her reply brief. Because plaintiff's unlawful retaliation and wrongful termination claims against Bisla appear to lack merit, consideration of this factor does not support joinder with regard to those claims.

        b.     *IIED and NIED*

To adequately plead an IIED claim, plaintiff must allege: (1) extreme and outrageous conduct by defendants with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress; and (3) the fact that the outrageous conduct actually and proximately caused the alleged distress. *Barsell v. Urban Outfitters, Inc.*, No. 09-cv-02604-MMM-RZx, 2009 WL 1916495, at *5 (C.D. Cal. July 1, 2009).

Defendant argues that plaintiff's proposed FAC contains no allegations in support of either her proposed IIED or NIED claims. (Doc. No. 12 at 16.) In her reply, plaintiff points out that she has alleged that Bisla gave her a warning for failing to show up to work a shift, that this warning was completely unjustified because she had never accepted the new shift assignment, and that one employee interfering with another employee's schedule can lead to liability against the offending employee for IIED. (Doc. No. 13 at 6) (citing *Gibson v. Am. Airlines*, No. 96-cv-1444-FMS, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996)).

/////

1    The court finds plaintiff's arguments persuasive.  The district court in *Gibson* indeed dealt
2    with somewhat similar issues.  *Gibson*, 1996 WL 329632, at *4 (finding that defendant who
3    allegedly misled the plaintiff about probation status and days off was not a sham defendant).
4    "[W]here a fundamental interest of the employee is violated in a deceptive manner that results in
5    the plaintiff being denied rights granted to other employees, a case for intentional infliction of
6    emotional distress may lie."  *Id.*; *see also Bejarano v. Int'l. Paper Co.*, No. 1:13-cv-01859-AWI-
7    GSA, 2015 WL 351420, at *10 (E.D. Cal. Jan. 23, 2015) (noting that although termination alone
8    is not sufficient for an IIED claim, such a claim may exist when the behavior goes beyond
9    termination).

10    That said, plaintiff has for the most part failed to allege facts explaining how any of
11    Bisla's actions caused her emotional distress, a necessary element of an IIED claim.  Although
12    elsewhere in plaintiff's FAC she alleges that Bisla's actions caused her to suffer humiliation,
13    mental and physical pain and anguish, and emotional distress, plaintiff offers no factual support
14    for these conclusory allegations.  Nevertheless, the court concludes that consideration of the
15    potential merits of plaintiff's proposed IIED claim weighs slightly in favor of granting plaintiff
16    leave to amend her complaint to add this claim against defendant Bisla.

17    Lastly, intentional acts—such as those alleged here—cannot support an NIED claim,
18    which cause of action deals entirely with negligent actions, not intentional ones.  *Semore v. Pool*,
19    217 Cal. App. 3d 1087, 1105 (1990); *Edwards v. U.S. Fid. & Guar. Co.*, 848 F. Supp. 1460, 1466
20    (N.D. Cal. 1994) ("where the conduct is intentional, it cannot be used as the basis for a negligent
21    infliction of emotional distress claim").  Thus, plaintiff's NIED appears to lack merit and
22    consideration of her desire to add such a claim against Bisla does not weigh in favor of granting
23    plaintiff leave to amend her complaint.

    c.    *Defamation*

25    Plaintiff seeks to add defamation claims against both defendant Walgreens and proposed
26    defendant Bisla.  (Doc. No. 10-1 at 13.)  In support of these claims, plaintiff alleges that Bisla
27    falsely informed personnel at prospective employer Walmart that she had been terminated for
28    stealing, resulting in plaintiff's not being hired by Walmart.  (*Id.*)

In California, defamation is a claim based on an injury to one's reputation and "the injury may occur by means of libel or slander." *Shively*, 31 Cal.4th at 1242 (citing Cal. Civ. Code § 44). Under California law:

> The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. The publication must be an intentional publication or a statement of fact. The defamatory statement must specifically refer to, or be of and concerning, the plaintiff.

*Redfearn v. Trade Joe's Co.*, 20 Cal. App. 5th 989, 1007 (2018) (internal quotation marks and citations omitted).

In opposition to plaintiff's motion, defendant argues that although plaintiff alleges that defamatory statements were made about her, she does not allege that Bisla was the one who made any of those statements. (Doc. No. 12 at 18.)

The court does not find defendant's argument in this regard to be persuasive. In plaintiff's proposed FAC, she plainly alleges that Bisla "intentionally made a false statement of fact which attached to plaintiff as it was regarding her character and fitness for her profession. BISLA informed Walmart personnel that PLAINTIFF AKMAL had been terminated for stealing." (Doc. No. 10-1 at 13.) Although these allegations are admittedly devoid of specific factual details such as time or date, the court concludes that they nonetheless provide sufficient context and content to potentially support a defamation claim. If Bisla informed Walmart that plaintiff had been fired for stealing, that would constitute a false statement that has a natural tendency to injure because it would prevent plaintiff from gaining new employment. Accordingly, the court determines that plaintiff's proposed defamation claims appear to have potential merit and thus consideration of this factor as to that claim weighs in favor of granting plaintiff leave to amend her complaint.

6. Prejudice

In this context, prejudice to a plaintiff "exists if the proposed defendant is crucial to the case" and "does not exist if complete relief can be afforded without that defendant." *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. June 29,

/////

2010); *see also Vasquez*, 77 F. Supp. 3d at 923 (finding no prejudice in denying the joinder of Wells Fargo as a defendant because the plaintiff had not stated a viable claim against that entity).

In opposition to plaintiff's motion, defendant argues that allowing plaintiff to amend her complaint would severely prejudice Walgreens "by depriving it of its statutory right of removal." (Doc. No. 12 at 20.) The court does not agree. Although perhaps somewhat suspicious that plaintiff only now seeks to add Bisla as a defendant to this action, plaintiff has explained her actions by stating that "the reason defamation was not plead and the Individual Defendant was not added into the original complaint was because Plaintiff's counsel was not made aware of the facts underlying the defamation claim until the submission of the original complaint." (Doc. No. 13 at 7.) The court finds that this reasoning is sufficient at this stage of the litigation. Although complete relief could in theory be afforded without Bisla's involvement through the theory of *respondeat superior* liability, the court cannot agree that plaintiff would suffer no prejudice because—for the reasons already explained above—she may state potentially viable claims against Bisla, unlike the plaintiff in *Vasquez*. Although Walgreens may end up paying any eventual damages plaintiff could be awarded against Bisla, the court concludes that barring plaintiff from even alleging claims against Bisla in her FAC would prove overtly strict. Furthermore, the court does not identify any prejudice defendant will suffer by litigating plaintiff's state law claims in state court.

Accordingly, considering whether either party will be prejudiced, the court finds that consideration of this factor weighs in favor of granting plaintiff leave to amend.

7. <u>Closeness of Relationship and Notice</u>

In opposition to plaintiff's motion, defendant Walgreens primarily argues that the closeness of the relationship between Bisla and Walgreens is irrelevant because Bisla "cannot be liable to the plaintiff on any of her alleged theories." (Doc. No. 12 at 21.) For the reasons stated above, the court does not agree with this assertion. Given Bisla's role as an employee of Walgreens—in which he served as a supervisor over plaintiff—and the closeness in relationship that employment suggests, the court concludes that consideration of this factor weighs in favor of granting plaintiff leave to amend. However, plaintiff has provided no arguments with respect to

any notice provided to Bisla of her claims against him.  Thus, consideration of that aspect of this factor weighs against granting leave.

### 8. Balance of Factors

Here, plaintiff's motion to amend was timely filed, and the closeness of the relationship between Walgreens and Bisla weighs in favor of allowing joinder.  The potential validity of some of plaintiff's claims against the proposed defendant Bisla also weighs in favor of granting plaintiff's motion.  Alternatively, consideration of the other factors—whether joinder is necessary for the just adjudication of this action, the applicable statute of limitations, and the effect of amendment on the court's jurisdiction—all weigh, to varying degrees, against the granting of plaintiff's motion to amend.  Nevertheless, on balance, the court concludes that consideration of the relevant factors under § 1447(e) weighs in favor of granting plaintiff's motion for leave to file a first amended complaint adding Bisla as a defendant in this action and asserting defamation and IIED claims against him.  Therefore, plaintiff's motion will be granted.

**B.     Whether Plaintiff May Add Defamation Claims Against Walgreens**

Plaintiff also seeks leave to amend her complaint to add claims for defamation and defamation *per se* against defendant Walgreens.  (Doc. No. 10-1 at 15.)  Generally, "[c]ourts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'"  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).  There are several factors a district court considers in whether to grant leave to amend, including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman*, 371 U.S. at 182).  Of the *Foman* factors, the court should particularly consider prejudice to the opposing party.  *Id.*; *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant Walgreens argues that plaintiff's proposed new claims against it are futile "[g]iven [they] are based upon Plaintiff's proposed defamation and defamation *per se* claims against the Individual Defendant . . . ."  (Doc. No. 12 at 21.)  For the same reasons articulated above with respect to plaintiff's proposed claims against Bisla, however, the court concludes that

permitting plaintiff to amend her complaint to add defamation claims would not be futile. Moreover, there is no indication that allowing amendment would be prejudicial to defendant Walgreens. There is also no indication that plaintiff has acted in bad faith, and there have been no other attempts to cure deficiencies by previously allowed amendments. Accordingly, the court will also grant plaintiff leave to amend in order to include her defamation claims against Walgreens.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion for leave to file a first amended complaint (Doc. No. 10) is granted; and
2. Plaintiff is directed to file a first amended complaint consistent with this order within twenty-one (21) days of this order.

IT IS SO ORDERED.

Dated: **February 6, 2022**

UNITED STATES DISTRICT JUDGE